UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09977-MAA                                   Date: February 25, 2026

Title      Miriam Maldonado v. Karl Fechner Enterprises Inc., et al.

Present:   The Honorable Maria A. Audero, United States Magistrate Judge

|  Marina Moreno-Carrillo  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorney Present for Plaintiff:             Attorneys Present for Defendant:
         Not present                                   Not present

**Proceedings (In Chambers):**        **ORDER TO SHOW CAUSE RE: DISMISSAL FOR
                                      LACK OF PROSECUTION**

This civil action was filed on October 17, 2025.  (ECF No. 1.)  On October 21, 2025, pursuant to the Magistrate Judge Direct Assignment Program ("MJDAP"), the Clerk of Court filed a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment").  (Notice, ECF No. 5.)  Among other things, the Notice of Assignment advises the parties that this case has been assigned to U.S. Magistrate Judge Maria A. Audero for all purposes and that any party may decline to consent to that assignment according to the schedule set forth for such declination.  (*See generally* Notice.)  On October 21, 2025, upon Plaintiff's request (ECF No. 4), the Clerk issued a summons.  (ECF No. 6.)

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), Plaintiff is required to serve the summons and complaint on each defendant within ninety (90) days after the complaint is filed or risk dismissal of the action without prejudice against any unserved defendant.  Fed. R. Civ. P. 4(m). Pursuant to Central District of California Local Civil Rule ("Local Rule") 73-2.1, Plaintiff is required to serve the Notice of Assignment on each newly served party at the time of service of the summons and complaint.  C.D. Cal. L.R. 73-2.1; *see also* Notice of Assignment.  Local Rule 4-6 requires that the plaintiff "file a proof of service within 14 days of service of the summons and complaint or receipt of a notice and acknowledgement of service."  C.D. Cal. L.R. 4-6.  Further, "[f]ailure to file a proof of service timely may result in the imposition of sanctions against the plaintiff, including but not limited to the dismissal of the defendant that was the subject of the proof of service."  *Id.*

Accordingly, Plaintiff was required to serve the summons, complaint, and Notice of Assignment by no later than January 15, 2026 and to file proof of such service, if made on the last possible day, no later than January 29, 2026.  On November 26, 2025, Plaintiff filed a proof of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-09977-MAA                                Date: February 25, 2026

Title      Miriam Maldonado v. Karl Fechner Enterprises Inc., et al.

service showing that service had been made on one of the two defendants named in this action, Karl Fechner Enterprises Inc.  (ECF No. 8.)  With respect to the second named defendant (3830 Del Amo Blvd, LLC), however, as of the date of this Order, Plaintiff has neither filed proof of service of the summons, complaint, and Notice of Assignment nor requested an extension of time in which to do so.  Further, while Plaintiff timely filed a proof of service with respect to Defendant Karl Fechner Enterprises Inc. (*id.*), the time for that defendant to answer or otherwise respond to the complaint has long since elapsed with no appearance by the defendant, but Plaintiff has taken no additional steps to prosecute this action.

Therefore, Plaintiff is **ORDERED TO SHOW CAUSE,** in writing, no later than **thirty days from the date of entry of this order**, why this Court should not recommend that the action be dismissed with prejudice for failure to prosecute.  Plaintiff's response must address both failures identified herein:  (1) the failure to serve Defendant 3830 Del Amo Blvd, LLC (which may be addressed by, for example, the filing of a proof of service or Notice of Voluntary Dismissal) and (2) the failure to prosecute this action against Defendant Karl Fechner Enterprises Inc. (which may be addressed by, for example, the filing of a response to the complaint by this defendant or an application for entry of default pursuant to Federal Rule of Civil Procedure 55(a) by Plaintiff).

It is so ordered.